IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RANDY HAMILTON, ) | Case No. 1:20-cv-2069 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | |
| ED SHELDON, Warden, ) | **OPINION & ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

On October 13, 2023, Magistrate Judge Jennifer Dowdell Armstrong recommended that the Court deny Petitioner Randy Hamilton's *pro se* writ of habeas corpus. ECF Doc. 12. On November 2, 2023, Hamilton filed a *pro se* "reply" to Magistrate Judge Armstrong's report and recommendation ("R&R"). ECF Doc. 15. The Court has conducted a *de novo* review of those portions of Magistrate Judge Armstrong's R&R to which objection has been made. For the reasons stated below, the Court overrules Mr. Hamilton's objection and adopts the R&R.

I. **Background**

In October 2016, Mr. Hamilton and his live-in girlfriend, ("M.R.") invited some friends over to their North Ridgeville home to watch a Cleveland Indians' World Series game. Both Mr. Hamilton and M.R. had been drinking that night and, according to Mr. Hamilton, the two began arguing over cleaning up the house after their friends left. M.R. eventually slammed and locked her bedroom door, which Mr. Hamilton broke open with his shoulder. According to Mr. Hamilton, M.R. aimed a shotgun at him. In response, he grabbed the gun, pushed her away and

attempted to unlock the weapon. Mr. Hamilton claims the gun accidentally fired, hit M.R. in the chest and killed her. Mr. Hamilton called 911 and waited for police to arrive.

Mr. Hamilton was indicted on two counts of murder with firearm specification, two counts of felonious assault with firearm specifications, one count of having weapons while under disability, and one count of receiving stolen property with a firearm specification. He filed a motion to suppress certain statements he made to police officers, which was denied as untimely. The case proceeded to a jury trial, and the State eventually dismissed one of the felonious assault counts with its attendant firearm specification. The jury found Mr. Hamilton not guilty on both murder charges, but guilty on the lesser included charges of reckless homicide and involuntary manslaughter with accompanying firearm specifications. The jury further found him guilty of the three remaining felonies and their attendant firearm specifications. The State elected to merge the reckless homicide and involuntary manslaughter convictions into the felonious assault conviction as allied offenses of similar import for sentencing. The trial court sentenced Mr. Hamilton to an aggregate total of 15 years and 6 months in prison.

Mr. Hamilton's appellate counsel filed an appeal on his behalf. One of the arguments raised on appeal was that the trial court had erred in failing to suppress Mr. Hamilton's statements to police. The Ohio Court of Appeals affirmed the trial court's judgment. *State v. Hamilton,* 9th Dist. Lorain No. 16CR0905092, 2019-Ohio-1829 (May 13, 2019). The Ohio Supreme Court declined to accept jurisdiction of the appeal. ECF Doc. 8-2, Exhibit 21.

On August 6, 2019, Mr. Hamilton filed an application in the Ninth District of Ohio Court of Appeals to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B). ECF Doc. 8-2, Exhibit 22. Mr. Hamilton argued that he was denied effective assistance of appellate counsel when his attorney raised the suppression issue as a challenge to the trial court's decision rather

than arguing that his trial counsel was ineffective in failing to timely file a motion to suppress or to seek an extension of the deadline to file the motion.

On October 21, 2019, the Ohio Court of Appeals denied Mr. Hamilton's application. ECF Doc. 8-2, Exhibit 26. On December 17, 2019, Mr. Hamilton sent a letter to the clerk of the Ninth District of Ohio Court of Appeals, stating that he had not been notified of any ruling on his application and asking for an update on the status of the application. ECF Doc. 8-2, Exhibit 27. On December 30, 2019, the Ohio Court of Appeals issued a Magistrate's Order, stating that Mr. Hamilton's application had been denied on October 21, 2019, and that the clerk had mailed copies of the journal entry to the parties on October 22, 2019. ECF Doc. 8-2, Exhibit 28.

As noted by Magistrate Armstrong, the state court record does not contain any additional documentation of Mr. Hamilton's Rule 26(B) application. However, Mr. Hamilton has filed an affidavit stating he prepared and attempted to file an appeal to the Ohio Supreme Court after he received the letter from the clerk of the Ninth District Court of Appeals in December 2019. ECF Doc. 1, PageID#10. He also submitted a January 13, 2020 letter from the Ohio Supreme Court Clerk stating that his appeal of the Ninth District Court of Appeals' ruling was untimely and had not been accepted. ECF Doc. 1, Page ID#14.

On September 14, 2020, Hamilton filed a *pro se* habeas petition. ECF Doc. 1. His petition raises a single ground for relief:

> Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution, when appellate counsel failed to raise clear, obvious, and prejudicial error that appears on the face of the record.

ECF Doc. 1. Mr. Hamilton argues his appellate counsel was ineffective in failing to argue that his trial counsel had provided ineffective assistance by not timely filing a motion to suppress the statements he made to the police. *Id.*

3

Magistrate Judge Armstrong's R&R notes that Mr. Hamilton's petition was potentially procedurally defaulted, but she recommends that the Court proceed to the merits. As to the merits, Magistrate Judge Armstrong states that it is uncertain whether Mr. Hamilton clearly invoked his right to remain silent during police questioning and/or whether he had been prejudiced by his appellate counsel's failure to argue trial counsel was ineffective by failing to timely move to suppress the statements he made to police. Magistrate Judge Armstrong also concludes that the Ohio Court of Appeals had not acted contrary to or unreasonably applied governing law in rejecting Mr. Hamilton's ineffective assistance of appellate counsel claim. ECF Doc. 12. After *de novo* review of Magistrate Judge Armstrong's R&R, the Court agrees that Mr. Hamilton's single ground for habeas review should be denied.

## II.   Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), [published in full-text format at 1994 U.S. App. LEXIS 27813] 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall

4

specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. Hamilton's Objection

Mr. Hamilton filed a "reply" to the report and recommendation on November 2, 2023. ECF Doc. 15. Mr. Hamilton argues that Magistrate Judge Armstrong was incorrect in determining that the Ohio Court of appeals had not acted contrary to law in denying his motion to reopen appeal pursuant to Ohio App. R. 26(b)(7). Although it appears the Ohio Court of Appeals considered Mr. Hamilton's argument on its merits, Mr. Hamilton contends he was not fully heard on his inefficient representation of appellate counsel argument.

### IV. Law & Analysis

Mr. Hamilton's single ground for habeas relief is based on his appellate counsel's failure to argue that his trial counsel erred by filing an untimely motion to suppress the statements he made to police officers on the night of M.R.'s death. The Court has reviewed the transcript from the police interrogation and agrees with Magistrate Judge Armstrong that the strength of Mr. Hamilton's *Miranda* argument is uncertain. Accordingly, even if trial counsel had filed a timely motion to suppress, it is very possible that the trial court would not have suppressed the statements Mr. Hamilton made to police.

Further, it was within appellate counsel's reasonable range of professional judgment to raise this issue as a challenge to the trial court's determination on Mr. Hamilton's motion to suppress rather than as a challenge to the effectiveness of his trial counsel. *See Caver v. Straub,* 349 F.3d 340, 348 (6th Cir. 2003). Mr. Hamilton has not shown that he was prejudiced based on

this strategic decision of appellate counsel. In other words, has not met the "extremely deferential" *Strickland* standard of showing that his counsel's representation fell below an objective standard of reasonableness and prejudiced the outcome of his appeal. *Strickland v. Washington,* 466 U.S. 668, 687-688 (1984).

When denying Mr. Hamilton's Rule 26(B) application, the Ohio Court of Appeals considered and rejected Mr. Hamilton's ineffective assistance of appellate counsel argument on the merits. ECF Doc. 8-2, Exhibit 26. For this reason, Magistrate Judge Armstrong applied a double layer of deference to the state court's review of Mr. Hamilton's ineffective assistance of appellate counsel claim. ECF Doc. 12 at Page ID#1145-1147; *See Perkins v. McKee,* 411 F. App'x 822, 828 (6th Cir. 2011). After doing so, she determined that the Ohio Court of Appeals had not unreasonably applied governing law in rejecting Mr. Hamilton's ineffective assistance of appellate counsel claim.

Upon *de novo* review, the Court agrees with Magistrate Judge Armstrong that the Ohio Court of Appeals did not act contrary to or unreasonably apply governing law when it rejected Mr. Hamilton's ineffective assistance of appellate counsel claim. For that reason, the Court OVERRULES Mr. Hamilton's objection, ADOPTS Magistrate Judge Armstrong's R&R, and DENIES Mr. Hamilton's petition for habeas review.

IT IS SO ORDERED.

Dated: December 21, 2023

                                                  *s/Dan Aaron Polster*
                                                  United States District Judge